UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PAKUJA CRYSTAL VANG, | ) |
| *Plaintiff*, | ) |
| v. | ) Case No. 1:23-cv-02221 (UNA) |
| UNITED STATES OF AMERICA, *et al.*, | ) |
| *Defendants*. | ) |

## MEMORANDUM OPINION

Currently before the Court is Plaintiff's *pro se* complaint, Dkt. 1; application for leave to proceed *in forma pauperis* ("IFP"), Dkt. 2; and two other motions, Dkts. 3, 4. The Court will grant Plaintiff's IFP application, and for the reasons explained below, it will dismiss this matter without prejudice.

At the outset, the Court notes that Plaintiff is currently unhoused but domiciled in the District of Columbia, and for that reason, she has moved, *see* Dkt. 4, to use a P.O. Box in lieu of a residence address, *see* D.C. LCvR 5.1(c)(1). The Court finds good cause for use of a P.O. Box in this circumstance and will thus grant Plaintiff's motion.

Plaintiff has also filed a motion to seal, Dkt. 3, and although it is not entirely clear what relief Plaintiff seeks, it appears that she requests to seal her P.O. Box address, as well as other information, which is stored on a USB drive and was sent to the Clerk of Court, *see id*. at 1–2. As far as it can understand Plaintiff's request, the Court finds good cause to seal Plaintiff's address of record as requested, *see* D.C. LCvR 5.1(c)(1), and therefore grants the motion, *see id.*, to that extent. Plaintiff also asks the Court to provide her with electronic notice in this case, *see*

Dkt. 4 at 1, but she has failed to comply with Local Civil Rule 5.4(b)(2) in requesting that privilege, so that request will be denied.

Plaintiff's complaint must be dismissed.  She sues the United States and the United States Department of State.  *See* Dkt. 1 at 1–2.  The prolix complaint totals 94 pages and includes a hodgepodge of unexplained exhibits.  *See* Dkt. 1-1; D.C. LCvR 5.1(e).  Plaintiff's complaint is also difficult to follow.  She cites to seven different constitutional amendments, 18 § U.S.C. 241, and Title II of the Americans with Disabilities Act ("ADA").  *See* Dkt. 1 at 5–6.  She alleges that in September 2020, she was injured in the course of her employment with "Valdese Weaver."  *See id*. at 6–8.  She further alleges that her worker's compensation claim was denied, she was terminated in March 2021, and Lincoln Financial Group denied her short-term disability claim.  *See id.* at 7.  She also alleges general grievances, with little to no supporting detail, relating to alleged unspecified "failures" in the context of unemployment benefits, Social Security benefits, medical treatment and pharmacy refills, health insurance, and legal assistance.  *See id*.  Plaintiff appears to further allege that her misfortunes are either founded in, or compounded by, the government's failure to investigate the alleged widespread wrongdoing and the government's involvement in a potential cover-up.  *See id.*  She demands at least $77,000 in damages and various forms of equitable relief, including the initiation of a "proper investigation."  *See id*. at 8.

Notably, *pro se* litigants must comply with the Federal Rules of Civil Procedure.  *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987).  Rule 8(a) requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . . [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668–71 (D.C. Cir. 2004).  When a pleading "contains an untidy assortment of claims that are neither plainly

nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments," it does not fulfill the requirements of Rule 8.  *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017) (cleaned up), *aff'd sub nom. Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017).  "A confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8."  *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (cleaned up).  Plaintiff's complaint falls squarely within this category and fails to comply with Rule 8(a).

Moreover, although Plaintiff invokes several constitutional amendments and statutes, *see* Dkt. 1 at 5–6, "[t]he mere suggestion of a federal question is not sufficient to establish the jurisdiction of federal courts," *Johnson v. Robinson*, 576 F.3d 522, 522 (D.C. Cir. 2009) (per curiam) (cleaned up); *see also* 28 U.S.C. § 1915(e)(2)(B)(ii); Fed. R. Civ. P. 12(h)(3).  Instead, "[f]ederal court jurisdiction must affirmatively appear clearly and distinctly."  *Johnson*, 576 F.3d at 522 (cleaned up).  Here, it does not.[1]

For all of these reasons, this matter will be dismissed without prejudice.  A separate order accompanies this memorandum opinion.

Date:  November 27, 2023

*/s/ Ana C. Reyes*
ANA C. REYES
United States District Judge

---

[1] Plaintiff's mere citation to the ADA, *see* Dkt. 1 at 5, does not establish a federal claim because neither of the named Defendants bear any connection to her ostensible employment discrimination claims against Valdese Weaver.  Nor does Plaintiff's citation to 18 U.S.C. § 241. *See* Dkt. 1 at 6.  Section 241 is a criminal statute that does not create a private right of action and therefore cannot be relied on to state a claim for relief.  *See Brooks v. U.S. Army 1st Inform. Operat. Comm.*, No. 23-cv-00189, 2023 WL 1963891, at *1 (D.D.C. Feb. 10, 2023) (collecting cases).